IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHARON MURPHY,  ) Civil No.: 6:16-cv-00700-JE
  )
       Plaintiff,  ) OPINION AND ORDER
  )
v.  )
  )
NANCY A. BERRYHILL,[1]  )
Acting Commissioner of Social Security,  )
  )
       Defendant.  )
_____ )

    Linda S. Ziskin
    Ziskin Law Office
    P.O. Box 753833
    Las Vegas, NV 89136

        Attorney for Plaintiff

    Billy J. Williams, U.S. Attorney
    Janice Hebert, Asst. U.S. Attorney
    1000 S.W. 3rd Avenue, Suite 600
    Portland, OR 97204

    Sarah Elizabeth Moum
    Special Asst. U.S. Attorney
    Office of the General Counsel
    Social Security Administration
    701 5th Avenue, Suite 2900 M/S 221 A
    Seattle, WA 98104-7075

        Attorneys for Defendants

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 20, 2017, and is therefore substituted as the Defendant in this action pursuant to Fed. R. Civ. P. 25(d).

OPINION AND ORDER – 1

JELDERKS, Magistrate Judge:

Plaintiff Sharon Murphy brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying her application for Disability Insurance Benefits (DIB) under the Social Security Act (the Act).

For the reasons set out below, the Commissioner's decision is reversed and this action is remanded for further proceedings.

**Procedural Background**

Plaintiff protectively filed an application for a period of disability and disability benefits on March 8, 2012, alleging she had been disabled since December 22, 2009.

After her claim was denied initially and upon reconsideration, Plaintiff timely requested an administrative hearing.

On November 19, 2013, a video hearing was held before Administrative Law Judge (ALJ) Janice Shave. Plaintiff and Jacklyn A. Benson-Dehaan, a vocational expert (VE), testified at the hearing. Plaintiff was represented by counsel. At the hearing Plaintiff amended her alleged onset date to June 30, 2010, which corresponds to her sobriety date. Tr. 34, 75.

In a decision dated December 4, 2013, ALJ Shave found that Plaintiff was not disabled within the meaning of the Act.

On March 6, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. In the present action, Plaintiff challenges that decision.

**Background**

Plaintiff was born in 1959 and was 54 years old at the time of the ALJ's decision.

Plaintiff graduated from high school and completed three years of college. Tr. 214. She has past relevant work as a customer service representative. Tr. 41, 76.

**<u>Disability Analysis</u>**

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. Below is a summary of the five steps, which also are described in *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

<u>Step One</u>. The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA). A claimant engaged in such activity is not disabled. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 404.1520(b).

<u>Step Two</u>. The Commissioner determines whether the claimant has one or more severe impairments. A claimant who does not have such an impairment is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three. 20 C.F.R. § 404.1520(c).

<u>Step Three</u>. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the presumptively disabling impairments listed in the Social Security Administration (SSA) regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant who has such an impairment is disabled. If the claimant's impairment does not meet or equal an impairment listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

Step Four. The Commissioner determines whether the claimant is able to perform relevant work he or she has done in the past. A claimant who can perform past relevant work is not disabled. If the claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds under Step Five. 20 C.F.R. § 404.1520(f).

Step Five. The Commissioner determines whether the claimant is able to do any other work. A claimant who cannot perform other work is disabled. If the Commissioner finds that the claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant can do, the claimant is not disabled. If the Commissioner does not meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(g)(1).

At Steps One through Four, the burden of proof is on the claimant. *Tackett*, 180 F.3d at 1098. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. *Id.*

## ALJ's Decision

As an initial matter, the ALJ found that Plaintiff met the requirements for insured status through December 31, 2010.

At the first step of her disability analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of December 22, 2009, through her date last insured of December 31, 2010.

At the second step, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine, history of left cubital syndrome with 2006 ulnar nerve compression and left carpal tunnel release, history of overuse syndrome of the right upper extremity and right cubital syndrome (2007), history of right knee arthroscopic surgery in 1996 and 2010, left knee mild bursitis and left greater trochanter bursitis. Tr. 36-37.

At the third step, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or equaled a presumptively disabling impairment as set out in the Listings, 20 C.F.R. Part 404, Subpart P, App. 1.

The ALJ next assessed Plaintiff's residual functional capacity (RFC). She found that through the date last insured, Plaintiff retained the capacity to perform light work except that:

> the claimant could never climb ladders, ropes, or scaffolds or crawl, could occasionally climb ramps and stairs, kneel, crouch, and stoop (but not repetitively, and not all at once), and could frequently handle with the (nondominant) left upper extremity. The claimant could not repetitively handle and finger with the left upper extremity for gripping, grasping, torqueing, vibrating and pounding tools and not for a prolonged period. The claimant could frequently reach overhead with the (dominant) right upper extremity. The claimant needed to avoid concentrated exposure to vibration, unprotected heights, and workplace hazards or moving machinery. The claimant required a sit/stand option (the opportunity to stand or sit every 60 minutes, not constantly).

Tr. 38. In making this determination, the ALJ found that Plaintiff's and third-party statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible.

At the fourth step, based on testimony from the VE, the ALJ found that Plaintiff was capable of performing her past relevant work as a customer service representative as it was actually performed.

Based upon the testimony of the VE, the ALJ also alternatively found, at the fifth step, that Plaintiff could perform other work that existed in significant numbers in the national

economy. She cited file clerk, teller, alarm investigator and case aide as examples of such work. Based upon her finding at step four and alternative finding at step five, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, at any time from December 22, 2009 through December 31, 2010.

## Standard of Review

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Claimants bear the initial burden of establishing disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record, *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991), and bears the burden of establishing that a claimant can perform "other work" at Step Five of the disability analysis process. *Tackett*, 180 F.3d at 1098.

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40.

**Discussion**

Plaintiff contends that the ALJ erred in her Step 2 evaluation and findings; in concluding that Plaintiff was less than fully credible, by failing to include all of Plaintiff's limitations in the RFC assessment or in the hypotheticals posed to the VE; and by relying on uncertain and contradictory testimony from the VE.

**I. Step Two Findings**

Plaintiff asserts that the ALJ failed to make a finding regarding the severity of her intestinal issues, failed to identify adjustment disorder as one of Plaintiff's mental impairments and failed to apply the "special technique" in assessing her mental impairments.

An impairment or combination of impairments is considered "severe" at Step 2 if it significantly limits a claimant's ability to perform basic work activities. SSR 96–3p. An impairment is not severe only if it is a slight abnormality that has no more than a minimal effect on the ability to do such activities. *Id.* The "severe impairment" analysis is a "*de minimis* screening device to dispose of groundless claims." *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir.1996).

**A. Lack of Severity Finding Regarding Intestinal Issues**

The ALJ discussed Plaintiff's testimony regarding her stomach pain and bowel issues in the context of her credibility determination. Tr. 40. However, she made no mention of this alleged impairment in Step 2 of her disability analysis nor did she make any finding at all regarding its severity.

Plaintiff provided extensive testimony regarding her intestinal difficulties and the functional limitations she experienced due to this alleged impairment. Tr. 62-69. In addition, the record contains references to Plaintiff's intestinal difficulties during the relevant time period. Tr.

682-85, 708-14. The record also contains medical evidence that closely post-dates the relevant time period and refers to Plaintiff's intestinal difficulties as having occurred for several years. Tr. 1011, 1051, 1076.

Furthermore, the ALJ's discussion of Plaintiff's issue mischaracterizes aspects of the record. The ALJ asserted that there was no indication of frequency in the records from November 2010. However, the record from that visit notes "chronic diarrhea, abdomen pain, bloating, not improving." Tr. 708. "Chronic" is a sufficient indicator of frequency. Additionally, the ALJ commented that Plaintiff was told by emergency room staff in 2013 that her multiple trips to the bathroom for the first 2-3 hours of the morning were not abnormal. Tr. 41, 1048. The ALJ fails to note, however, that Plaintiff was being treated at that time for cryptosporidiosis[2] and medical staff did not judge the frequency of her bowel movements to be abnormal within the context of her recovery from that condition. Tr. 1048.

The ALJ here failed to address Plaintiff's intestinal difficulties at Step 2 of her disability analysis. This was error. As Plaintiff correctly points out, even a determination that her alleged impairment was nonsevere would have required the ALJ to consider the functional limitations stemming from that impairment. *See* 20 C.F.R. §404.1545(e).

The Commissioner argues that Plaintiff's alleged intestinal difficulties may not be the result of a distinct impairment but a side effect of medication. This may be true, but the ALJ failed to make such a finding. There was no discussion in the ALJ's decision regarding medication side effects and no indication that any such side effects were considered in determining Plaintiff's credibility or her RFC. The Commissioner instructs ALJs "to consider all

---

[2] Cryptosporidiosis is an illness caused by tiny, one-celled cryptosporidium parasites that can cause watery diarrhea, dehydration, stomach cramps or pain, nausea and vomiting. Cryptosporidium infection - Overview - Mayo Clinic, *available at* http://www.mayoclinic.org/diseases-conditions/cryptosporidium/home/ovc-20272940

of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms." Social Security Ruling ("SSR") 16-3p, *available at* 2016 WL 1119029 *2 (Mar. 16, 2016) (superseding SSR 96–7p but retaining the same factors for the ALJ to consider in her credibility determination). This evidence includes "any side effects of medication." Id. at *6.

The ALJ's failure to address Plaintiff's intestinal difficulties at Step 2 or consider whether Plaintiff's symptoms were a result of her medications was error. Furthermore, these failures were not harmless because the ALJ failed to address any functional limitations posed by the intestinal difficulties. See *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Under these circumstances, remand is warranted.

**B. The ALJ's Assessment of Plaintiff's Mental Impairments**

Plaintiff also contends that this action must be remanded because the ALJ failed to make any finding regarding her adjustment disorder with anxiety components and failed to identify any evidence supporting her finding that Plaintiff's depression was non-severe and caused no more than mild limitations. Plaintiff also asserts that the ALJ failed to employ the agency-mandated "special technique" in assessing her mental impairments. She argues that the ALJ provided only a "cursory mention of the 'B' criteria, without describing the four functional areas, performing no analysis and providing no foundation." Pl. Brief at 14.

**1. Adjustment Disorder**

A medically determinable impairment must be established by objective medical evidence from an acceptable medical source and be supported by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. §404.1521. The ALJ here did not err in omitting adjustment disorder with mixed anxiety and depressed mood from the list of Plaintiff's severe impairments, or even from the list of nonsevere impairments. Plaintiff points to only one

mention in the record to such an adjustment disorder and my review of the medical evidence revealed no additional references. Tr. 479. Even if this single notation can be considered a "diagnosis," it was not supported by the requisite signs, symptoms or objective findings. Moreover, no doctor opined that the disorder limited Plaintiff's ability to perform basic work activities, and there is no other evidence that Plaintiff had an adjustment disorder that resulted in such limitations. Under these circumstances, the ALJ did not err in omitting adjustment disorder from Plaintiff's list of impairments.

## 2. "Special Technique"

Plaintiff correctly notes that relevant regulations require ALJs to assess the functional limitations set out in the "B" criteria of mental listings if there is evidence that a claimant has a record of mental impairment, and require that the "special technique" for evaluating these impairments be used at every step of the disability analysis process. 20 C.F.R § 404.1520a. Plaintiff also correctly notes that, though ALJs are no longer required to complete a PRTF (Psychiatric Review Technique Form), they must incorporate the mode of analysis required by the form into the decision. 20 C.F.R. §§ 404.1520a(e)(4). Regulations require that the decision issued by an ALJ

> incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding of the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.*

Based upon a careful review of the ALJ's decision and the relevant portions of the medical record, I conclude that the ALJ erred in failing to apply the "special technique" to Plaintiff's alleged mental impairment of depression. With regard to the Plaintiff's alleged mental

impairments, the ALJ's decision states only "There is no indication the claimant had more than mild limitations [sic] the broad areas of functioning set out in the disability regulations for evaluating mental disorders . . . ." Tr. 37. The ALJ's decision fails to mention, let alone "include a specific finding of the degree of limitation in each of" the functional areas. As the regulations acknowledge, assessment of functional limitations in order to determine the severity of a mental impairment is a "complex and highly individualized process." 20 C.F.R. § 404.1520a. The ALJ's cursory treatment of this aspect of the disability analysis fell fall short of what was required and constitutes legal error. See *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 726 (9th Cir. 2011). Without any indication in the ALJ's decision that such a process was completed, this Court is unable to determine whether the ALJ's decision is based upon substantial evidence. Accordingly, remand is warranted.

## II. Remand

It is quite apparent that, due to the nature of the ALJ's errors, further proceedings are required to resolve outstanding issues regarding the severity and limitations, if any, of Plaintiff's intestinal and mental health issues. *See, e.g., Harman v. Commissioner,* 211 F.3d 1172, 1178 (9th Cir. 2000)(remand for further proceedings appropriate if outstanding issue must be resolved before determination of disability can be made). Without the benefit of a severity finding concerning Plaintiff's intestinal issues and the resultant required consideration of the functional limitations, if any, stemming from that issue, it is not possible to determine whether the ALJ's ultimate conclusion that Plaintiff was not disabled is supported by substantial evidence and free from legal error. Likewise, the failure of the ALJ to properly assess Plaintiff's mental impairments through application of the "special technique" mandated by 20 C.F.R. §404.1520a requires remand for the ALJ to perform this analysis.

On remand, the ALJ will necessarily have to reconsider the issue of Plaintiff's credibility; reformulate her RFC determination; obtain vocational testimony based upon a complete and accurate hypothetical; and reexamine the ultimate question of Plaintiff's disability in light of her additional findings and analysis at Step 2. Accordingly, any determination by the Court as to the remaining errors asserted by Plaintiff would be premature and advisory and thus I decline to address them here.

## Conclusion

Based on the foregoing, the Commissioner's decision is REVERSED and this action is REMANDED to the Agency for further proceedings consistent with this Opinion and Order.

DATED this 3rd day of August, 2017.

                                                              /s/ John Jelderks
                                              John Jelderks
                                              U.S. Magistrate Judge